UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUDHIR KUMAR, | ) |
| Plaintiff, | ) Case No. 21-cv-02822 |
| v. | ) |
| THE ACCREDITATION COUNCIL FOR GRADUATE MEDICAL EDUCATION, | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) |

## COMPLAINT

NOW COMES Plaintiff, Sudhir Kumar, by and through his counsel, Antonio L. Jeffrey of Jeffrey Law Office, LLC, and complains of Defendant The Accreditation Council for Graduate Medical Education, and states as follows:

### JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

### JURISDICTION & VENUE

1. This action is brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et. Seq., the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1 et seq., 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

2. Venue is proper in this Court under 28 U.S.C. § 1391, as Defendant resides in this District, all of the events or omissions giving rise to these claims occurred in this District, and Plaintiff was hired, employed, and terminated by Defendant in this District.

1

## PARTIES

3. Plaintiff, SUDHIR KUMAR ("Plaintiff"), was at all times relevant to this suit an adult Asian, Indian male residing in Bensenville, Illinois. At all times relevant, Plaintiff was employed by Defendant in this District. Plaintiff was hired, employed, terminated, and harmed by Defendant in this District.

4. Defendant, The Accreditation Council for Graduate Medical Education ("Defendant"), is an Illinois Not-for-Profit Corporation duly organized and doing business in Illinois, with its primary office located at 401 N. Michigan Ave., Suite 2000, Chicago, Illinois 60611. It has obligations as an indemnitor of conduct of its employees and officers under at least 745 ILCS 10/2-301, *et seq.* and 745 ILCS 10/9-101, *et seq*. Defendant hired, employed, terminated, and harmed Plaintiff in this District. Defendant employs at least 15 full-time employees and therefore is a covered employer under Title VII. Similarly, Defendant is an "employer" as defined by the IHRA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. On or about February 5, 2020, Plaintiff timely filed a Charge of Discrimination alleging race discrimination, national origin discrimination, and retaliation with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 440-2020-02711.

6. On March 5, 2021, the EEOC issued Plaintiff a Notice of Right to Sue.

7. On March 13, 2021, Plaintiff requested a Notice of Right to Sue from the Illinois Department of Human Rights ("IDHR").

8. On April 21, 2021, IDHR issued Plaintiff a Notice of Dismissal for Lack of Substantial Evidence and Order of Closure.

9. Therefore, Plaintiff's Complaint is being filed in a timely manner; and Plaintiff has fully complied with all prerequisites to jurisdiction in this Court.

## UNDERLYING FACTS COMMON TO ALL COUNTS

10. Plaintiff's race is Asian.

11. Plaintiff's National Origin is Indian.

12. In November 2012, Plaintiff was hired by Defendant as a Web Application Developer. Defendant's current primary office is located at 401 N. Michigan Ave., Suite 2000, Chicago, Illinois 60611.

13. Plaintiff performed his job as a Web Application Developer satisfactorily until he was discharged on January 31, 2020.

14. At all times relevant to this Complaint, Ms. Rebecca Miller (White), Vice-President of IT and Application Development, was over Plaintiff's department; Steve Nash (White) was Senior Director, Application Development and Plaintiff's direct supervisor; John Ogunkeye was the Defendant's Chief Financial Officer.

15. Rebecca Miller ("Miller") made it a practice to discriminate against Plaintiff (and other employees of color), including, but not limited to, not allowing Plaintiff to work from home, but allowing White employees to do so; not promoting Plaintiff, while White less experienced employees were promoted; White employees were given standard raises when Plaintiff was not; White employees were given credit for work Plaintiff completed; and White employees were allowed exposure to upper management, while Plaintiff was discouraged from even attending events such as town hall meetings.

16. Other employees noticed the disparate treatment Plaintiff received by Miller (White).

17. On June 3, 2019, Plaintiff submitted an informal complaint of discrimination against Miller to John Ogunkeye ("Ogunkeye"). On June 24, 2019, Ogunkeye advised Plaintiff he would making changes and look into the matter as part of the changes to be made. However, no changes were made and Miller continued, and in fact, the disparate and discriminatory treatment against Plaintiff escalated.

18. On September 20, 2019, Plaintiff made a formal complaint of discrimination to Ogunkeye regarding Miller, advising of the unbearable hostile work environment and asking for disciplinary action to be taken. Again, nothing was done.

19. Other than continuing and intensifying the aforementioned disparate and discriminatory treatment, Miller and Steve Nash also lied in performance appraisals of Plaintiff, used intimidation tactics by making false claims to human resources and Chief Information Officer, Bruce Metz, all in retaliation for filing the discrimination complaint.

20. Because of Plaintiff's race and national origin, Plaintiff was subjected to disparate treatment and discrimination, including being overlooked for promotions and raises.

21. Because Plaintiff reported discrimination, exercising a right and protected activity, he was subjected to escalated disparate treatment, harassment, and ultimately termination on January 31, 2020.

**COUNT I – RACE DISCRIMINATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq**

22. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

23. Plaintiff, as an Asian, is a member of a protected class.

24. Plaintiff was qualified to perform his job and satisfactorily performed his duties and responsibilities within Defendant's legitimate expectations.

25. Plaintiff apprised Defendant of his race, Asian.

26. Defendant discriminated against Plaintiff because of his race by refusing to accommodate his desire of a safe and free non-discriminatory work place and for harassing and discriminating against him for the same and would not have done so had Plaintiff not been Asian and everything else having been the same.

27. Other White employees subjected to the same work environment, policies, procedures, and guidelines as Plaintiff were not discriminated against as Defendant accommodated those employees' safe and free non-discriminatory workplace rights. This unlawful discrimination directly impacted Plaintiff's terms and conditions of employment with Defendant.

28. Plaintiff's race was a substantial and motivating factor in Defendant's decision to discriminate against Plaintiff. Defendant would not have discriminated against Plaintiff absent consideration of Plaintiff's race.

29. Defendant's discrimination constitutes unlawful discrimination in direct violation of Title VII.

WHEREFORE, Plaintiff, SUDHIR KUMAR, respectfully requests that this Court enter judgment in his favor and against Defendant as follows:

A. Declare, decree, and adjudge that Defendant violated Title VII;

B. Grant an injunction against Defendant from violating Title VII and to protect other employees from such violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost and reinstating him to the position he previously held;

D. Order Defendant to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F. Award the Plaintiff his reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

## COUNT II – NATIONAL ORIGIN DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq

30. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

31. Plaintiff, as an Indian, is a member of a protected class.

32. Plaintiff was qualified to perform his job and satisfactorily performed his duties and responsibilities within Defendant's legitimate expectations.

33. Plaintiff apprised Defendant of his national origin, Indian.

34. Defendant discriminated against Plaintiff because of his national origin by refusing to accommodate his desire of a safe and free non-discriminatory work place and for harassing and discriminating against him for the same and would not have done so had Plaintiff not been Indian and everything else having been the same.

35. Other White employees subjected to the same work environment, policies, procedures, and guidelines as Plaintiff were not discriminated against as Defendant accommodated

those employees' safe and free non-discriminatory workplace rights. This unlawful discrimination directly impacted Plaintiff's terms and conditions of employment with Defendant.

36. Plaintiff's national origin was a substantial and motivating factor in Defendant's decision to discriminate against Plaintiff. Defendant would not have discriminated against Plaintiff absent consideration of Plaintiff's national origin.

37. Defendant's discrimination constitutes unlawful discrimination in direct violation of Title VII.

WHEREFORE, Plaintiff, SUDHIR KUMAR, respectfully requests that this Court enter judgment in his favor and against Defendant as follows:

A. Declare, decree, and adjudge that Defendant violated Title VII;

B. Grant an injunction against Defendant from violating Title VII and to protect other employees from such violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost and reinstating him to the position he previously held;

D. Order Defendant to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F. Award the Plaintiff his reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

## COUNT III – RETALIATORY DISCHARGE
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq

38. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

39. It is an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, for engaging in a protected activity.

40. Plaintiff, as an Asian and Indian, is a member of a protected class under Title VII.

41. Plaintiff engaged in a Title VII protected activity by reporting discriminatory acts by Defendant.

42. Defendant knowingly and intentionally engaged in harassment of Plaintiff by creating an intolerable, hostile work environment for Plaintiff; and ultimately terminated Plaintiff on January 31, 2020.

43. Defendant's decision to discriminate against Plaintiff was solely motivated by the fact that he reported discrimination.

44. Defendant would not have discharged Plaintiff had he not reported the discrimination. The discharge of Plaintiff directly impacted his terms and conditions of employment with Defendant.

45. Defendant's retaliatory discharge of Plaintiff constitutes unlawful discrimination in direct violation of Title VII.

46. As a direct and proximate result of Defendant's unlawful and willful violations on the basis of retaliatory discharge, Plaintiff has suffered economic and non-economic damages, including but not limited to loss of wages, emotional distress, humiliation, anguish and outrage.

WHEREFORE, Plaintiff, SUDHIR KUMAR, respectfully requests that this Court enter judgment in his favor and against Defendant as follows:

A. Declare, decree, and adjudge that Defendant violated Title VII;

B. Grant an injunction against Defendant from violating Title VII and to protect other employees from such violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost and reinstating him to the position he previously held;

D. Order Defendant to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F. Award the Plaintiff his reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

### COUNT IV – RACE DISCRIMINATION
### ILLINOIS HUMAN RIGHTS ACT

47. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

48. The IHRA prohibits discrimination in employment on the basis of a person's race. The IHRA applies to prohibit against discrimination to all units of State and local government in Illinois and to all private employers and labor organizations.

49. It is the public policy of the State of Illinois that employees have the freedom from unlawful discrimination. The IHRA secures for all individuals within Illinois "the freedom from discrimination against any individual because of his or her race, color, religion, sex, national

origin, ancestry, age, order of protection status, marital status, physical or mental disability, military status, sexual orientation, or unfavorable discharge from military service in connection with employment, real estate transaction, access to financial credit, and the availability of public accommodations." 775 ILCS 5/2-102.

50. The IHRA defines "unlawful discrimination" to mean discrimination against a person because of his or her . . . race, color, et al. as those terms as defined in this Section. *Id*. at 5/2-102(Q).

51. Plaintiff, as an Asian, is a member of a protected class.

52. Plaintiff was qualified to perform his job and satisfactorily performed his duties and responsibilities within Defendant's legitimate expectations.

53. Plaintiff apprised Defendant of his race, Asian.

54. Defendant discriminated against Plaintiff because of his race by refusing to accommodate his desire of a safe and free non-discriminatory work place and for harassing and discriminating against him for the same and would not have done so had Plaintiff not been Asian and everything else having been the same.

55. Other White employees subjected to the same work environment, policies, procedures, and guidelines as Plaintiff were not discriminated against as Defendant accommodated those employees' safe and free non-discriminatory workplace rights. This unlawful discrimination directly impacted Plaintiff's terms and conditions of employment with Defendant.

56. Plaintiff's race was a substantial and motivating factor in Defendant's decision to discriminate against Plaintiff. Defendant would not have discriminated against Plaintiff absent consideration of Plaintiff's race.

57. Defendant's discrimination constitutes unlawful discrimination in direct violation of the IHRA.

WHEREFORE, Plaintiff, SUDHIR KUMAR, respectfully requests that this Court enter judgment in his favor and against the Defendant as follows:

A. Declare, decree, and adjudge that Defendant violated Illinois Human Rights Act;

B. Grant an injunction against Defendant from violating Illinois Human Rights Act and to protect other employees of a different race from such Civil Rights violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost and reinstating him to the position he previously held;

D. Order the Defendant to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F. Award the Plaintiff his reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

## COUNT V – NATIONAL ORIGIN DISCRIMINATION
## ILLINOIS HUMAN RIGHTS ACT

58. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

59. The IHRA prohibits discrimination in employment on the basis of a person's national origin. The IHRA applies to prohibit against discrimination to all units of State and local government in Illinois and to all private employers and labor organizations.

60. It is the public policy of the State of Illinois that employees have the freedom from unlawful discrimination. The IHRA secures for all individuals within Illinois "the freedom from discrimination against any individual because of his or her race, color, religion, sex, national origin, ancestry, age, order of protection status, marital status, physical or mental disability, military status, sexual orientation, or unfavorable discharge from military service in connection with employment, real estate transaction, access to financial credit, and the availability of public accommodations." 775 ILCS 5/2-102.

61. The IHRA defines "unlawful discrimination" to mean discrimination against a person because of his or her . . . race, color . . . national origin et al. as those terms as defined in this Section. *Id.* at 5/2-102(Q).

62. Plaintiff, as an Indian, is a member of a protected class.

63. Plaintiff was qualified to perform his job and satisfactorily performed his duties and responsibilities within Defendant's legitimate expectations.

64. Plaintiff apprised Defendant of his national origin, Indian.

65. Defendant discriminated against Plaintiff because of his national origin by refusing to accommodate his desire of a safe and free non-discriminatory work place and for harassing and discriminating against him for the same and would not have done so had Plaintiff not been Indian and everything else having been the same.

66. Other White employees subjected to the same work environment, policies, procedures, and guidelines as Plaintiff were not discriminated against as Defendant accommodated those employees' safe and free non-discriminatory workplace rights. This unlawful discrimination directly impacted Plaintiff's terms and conditions of employment with Defendant.

67. Plaintiff's national origin was a substantial and motivating factor in Defendant's decision to discriminate against Plaintiff. Defendant would not have discriminated against Plaintiff absent consideration of Plaintiff's national origin.

68. Defendant's discrimination constitutes unlawful discrimination in direct violation of the IHRA.

WHEREFORE, Plaintiff, SUDHIR KUMAR, respectfully requests that this Court enter judgment in his favor and against the Defendant as follows:

A. Declare, decree, and adjudge that Defendant violated Illinois Human Rights Act;

B. Grant an injunction against Defendant from violating Illinois Human Rights Act and to protect other employees of a different race from such Civil Rights violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost and reinstating him to the position he previously held;

D. Order the Defendant to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F. Award the Plaintiff his reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

## COUNT VI – RETALIATORY DISCHARGE
## ILLINOIS HUMAN RIGHTS ACT

69. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

70. It is an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, for engaging in a protected activity.

71. Plaintiff, as an Asian and Indian, is a member of a protected class under the IHRA.

72. Plaintiff engaged in a IHRA protected activity by reporting discriminatory acts by Defendant.

73. Defendant knowingly and intentionally engaged in harassment of Plaintiff by creating an intolerable, hostile work environment for Plaintiff; and ultimately terminated Plaintiff on January 31, 2020.

74. Defendant's decision to discriminate against Plaintiff was solely motivated by the fact that he reported discrimination.

75. Defendant would not have discharged Plaintiff had he not reported the discrimination. The discharge of Plaintiff directly impacted his terms and conditions of employment with Defendant.

76. Defendant's retaliatory discharge of Plaintiff constitutes unlawful discrimination in direct violation of the IHRA.

77. As a direct and proximate result of Defendant's unlawful and willful violations on the basis of retaliatory discharge, Plaintiff has suffered economic and non-economic damages, including but not limited to loss of wages, emotional distress, humiliation, anguish and outrage.

WHEREFORE, Plaintiff, SUDHIR KUMAR, respectfully requests that this Court enter judgment in his favor and against Defendant as follows:

A. Declare, decree, and adjudge that Defendant violated the IHRA;

B. Grant an injunction against Defendant from violating the IHRA and to protect other employees from such violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost and reinstating him to the position he previously held;

D. Order Defendant to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F. Award the Plaintiff his reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

Dated: May 26, 2021

    /s    Antonio L. Jeffrey_____
           Attorney for Plaintiff

JEFFREY LAW OFFICE, LLC
Antonio L. Jeffrey (#6308345)
22 W. Washington St., #1500
Chicago, Illinois 60602
(312) 583-7072
(312) 583-0888 (fax)
service@jeffreylawoffice.com