UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| SUDHIR KUMAR, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) Case No. 21-cv-02822 ) |
| THE ACCREDITATION COUNCIL FOR GRADUATE MEDICAL EDUCATION, | ) Judge: Manish S. Shah ) ) ) |
|     Defendant. | ) ) |

**ANSWER TO COMPLAINT**

NOW COMES the Defendant, Accreditation Council for Graduate Medical Education ("ACGME" or "Defendant"), and Answers the Complaint filed by Plaintiff as follows:

**JURISDICTION & VENUE**

1. This action is brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et. Seq. [*sic*], the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1 et seq., 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

**ANSWER:** Defendant admits that Plaintiff purports to bring claims under Title VII and the IHRA, and that the claims are properly before this court on the basis of federal question jurisdiction and supplemental jurisdiction. Defendant denies the remaining allegations in Paragraph 1 of the Complaint.

2. Venue is proper in this Court under 28 U.S.C. § 1391, as Defendant resides in this District, all of the events or omissions giving rise to these claims occurred in this District, and Plaintiff was hired, employed, and terminated by Defendant in this District.

**ANSWER:** Defendant admits that venue is proper in this court, that Defendant resides in this District, and that Plaintiff was hired, employed, and terminated by Defendant in this District. Defendant denies the remaining allegations in Paragraph 2 of the Complaint.

## PARTIES

3. Plaintiff, SUDHIR KUMAR ("Plaintiff"), was at all times relevant to this suit an adult Asian, Indian male residing in Bensenville, Illinois. At all times relevant, Plaintiff was employed by Defendant in this District. Plaintiff was hired, employed, terminated, and harmed by Defendant in this District.

**ANSWER:** Defendant admits that Plaintiff is an adult, Asian, Indian male who was hired, employed, and terminated by Defendant in this District. Defendant lacks knowledge or information sufficient to form a belief regarding whether Plaintiff resided in Bensenville, Illinois "at all times relevant to this suit." Defendant denies the remaining allegations in Paragraph 3 of the Complaint.

4. Defendant, The Accreditation Council for Graduate Medical Education ("Defendant"), is an Illinois Not-for-Profit Corporation duly organized and doing business in Illinois, with its primary office located at 401 N. Michigan Ave., Suite 2000, Chicago, Illinois 60611. It has obligations as an indemnitor of conduct of its employees and officers under at least 745 ILCS 10/2-301, *et seq.* and 745 ILCS 10/9-101, *et seq*. Defendant hired, employed, terminated, and harmed Plaintiff in this District. Defendant employs at least 15 full-time employees and therefore is a covered employer under Title VII. Similarly, Defendant is an "employer" as defined by the IHRA.

**ANSWER:** Defendant admits the allegations in the first, fourth and fifth sentences in Paragraph 4 of the Complaint. Defendant further admits that it hired, employed, and terminated Plaintiff in this District. Defendant denies the remaining allegations in Paragraph 4 of the Complaint.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. On or about February 5, 2020, Plaintiff timely filed a Charge of Discrimination alleging race discrimination, national origin discrimination, and retaliation with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 440-2020-02711.

**ANSWER:** Defendant admits the allegations in Paragraph 5 of the Complaint.

6. On March 5, 2021, the EEOC issued Plaintiff a Notice of Right to Sue.

**ANSWER:** Defendant admits the allegations in Paragraph 6 of the Complaint.

7. On March 13, 2021, Plaintiff requested a Notice of Right to Sue from the Illinois Department of Human Rights ("IDHR").

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 7 of the Complaint.

8. On April 21, 2021, IDHR issued Plaintiff a Notice of Dismissal for Lack of Substantial Evidence and Order of Closure.

**ANSWER:** Defendant admits the allegations in Paragraph 8 of the Complaint.

9. Therefore, Plaintiff's Complaint is being filed in a timely manner; and Plaintiff has fully complied with all prerequisites to jurisdiction in this Court.

**ANSWER:** Defendant admits the allegations in Paragraph 9 of the Complaint.

## UNDERLYING FACTS COMMON TO ALL COUNTS

10. Plaintiff's race is Asian.

**ANSWER:** Defendant admits the allegations in Paragraph 10 of the Complaint.

11. Plaintiff's National Origin is Indian.

**ANSWER:** Defendant admits the allegations in Paragraph 11 of the Complaint.

12. In November 2012, Plaintiff was hired by Defendant as a Web Application Developer. Defendant's current primary office is located at 401 N. Michigan Ave., Suite 2000, Chicago, Illinois 60611.

**ANSWER:** Defendant admits that Plaintiff was hired as a Systems Analyst/Web Developer and that its primary office is located at the stated address. Defendant denies the remaining allegations in Paragraph 12 of the Complaint.

13. Plaintiff performed his job as a Web Application Developer satisfactorily until he was discharged on January 31, 2020.

**ANSWER:** Defendant denies the allegations in Paragraph 13 of the Complaint.

14. At all times relevant to this Complaint, Ms. Rebecca Miller (White), Vice-President of IT and Application Development, was over Plaintiff's department; Steve Nash (White) was Senior Director, Application Development and Plaintiff's direct supervisor; John Ogunkeye was the Defendant's Chief Financial Officer.

**ANSWER:** Defendant admits that at the time of Plaintiff's termination from employment, Rebecca Miller (White), Senior Vice President, Applications and Data Analysis, was over Plaintiff's Department and that Steve Nash (White) was Senior Director, Application Development and Plaintiff's direct supervisor. Defendant further admits that John Ogunkeye has been the Chief Financial and Administrative Officer, and Executive Vice President, ACGME Global Services, since May 31, 2013. Defendant denies the remaining allegations in Paragraph 14 of the Complaint

15. Rebecca Miller ("Miller") made it a practice to discriminate against Plaintiff (and other employees of color), including, but not limited to, not allowing Plaintiff to work from home, but allowing White employees to do so; not promoting Plaintiff, while White less experienced employees were promoted; White employees were given standard raises when Plaintiff was not; White employees were given credit for work Plaintiff completed; and White employees were allowed exposure to upper management, while Plaintiff was discouraged from even attending events such as town hall meetings.

**ANSWER:** Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Other employees noticed the disparate treatment Plaintiff received by Miller (White).

**ANSWER:** Defendant denies the allegations in Paragraph 16 of the Complaint.

17. On June 3, 2019, Plaintiff submitted an informal complaint of discrimination against Miller to John Ogunkeye ("Ogunkeye"). On June 24, 2019, Ogunkeye advised Plaintiff he would making changes and look into the matter as part of the changes to be made. However, no changes were made and Miller continued, and in fact, the disparate and discriminatory treatment against Plaintiff escalated.

**ANSWER:** Defendant admits that Plaintiff submitted what he called an "informal complaint of racial discrimination" against Miller to John Ogunkeye. Defendant denies the remaining allegations in Paragraph 17 of the Complaint.

18. On September 20, 2019, Plaintiff made a formal complaint of discrimination to Ogunkeye regarding Miller, advising of the unbearable hostile work environment and asking for disciplinary action to be taken. Again, nothing was done.

**ANSWER:** Defendant admits that on September 20, 2019, Plaintiff submitted a written complaint regarding Miller to Ogunkeye, in which he alleged a hostile work environment and asked for disciplinary action to be taken. Defendant denies the remaining allegations in Paragraph 18 of the Complaint.

19. Other than continuing and intensifying the aforementioned disparate and discriminatory treatment, Miller and Steve Nash also lied in performance appraisals of Plaintiff, used intimidation tactics by making false claims to human resources and Chief Information Officer, Bruce Metz, all in retaliation for filing the discrimination complaint.

**ANSWER:** Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Because of Plaintiff's race and national origin, Plaintiff was subjected to disparate treatment and discrimination, including being overlooked for promotions and raises.

**ANSWER:** Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Because Plaintiff reported discrimination, exercising a right and protected activity, he was subjected to escalated disparate treatment, harassment, and ultimately termination on January 31, 2020.

**ANSWER:** Defendant admits that Plaintiff was terminated on January 31, 2020. Defendant denies the remaining allegations in Paragraph 21 of the Complaint.

## COUNT I – RACE DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq

22. Plaintiff realleges and incorporates by reference and [sic] all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

**ANSWER:** Defendant realleges and incorporates by reference its Answers to the Paragraphs above as if fully set forth herein.

23. Plaintiff, as an Asian, is a member of a protected class.

**ANSWER:** Defendant admits the allegations in Paragraph 23 of the Complaint.

24. Plaintiff was qualified to perform his job and satisfactorily performed his duties and responsibilities within Defendant's legitimate expectations.

**ANSWER:** Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Plaintiff apprised Defendant of his race, Asian.

**ANSWER:** Defendant admits the allegations in Paragraph 25 of the Complaint.

26. Defendant discriminated against Plaintiff because of his race by refusing to accommodate his desire of a safe and free non-discriminatory work place and for harassing and discriminating against him for the same and would not have done so had Plaintiff not been Asian and everything else having been the same.

**ANSWER:** Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Other White employees subjected to the same work environment, policies, procedures, and guidelines as Plaintiff were not discriminated against as Defendant accommodated those employees' safe and free non-discriminatory workplace rights. This unlawful discrimination directly impacted Plaintiff's terms and conditions of employment with Defendant.

**ANSWER:** Defendant admits that other employees of all races were not discriminated against and were provided a safe workplace free from discrimination. Defendant denies the remaining allegations in Paragraph 27 of the Complaint.

28. Plaintiff's race was a substantial and motivating factor in Defendant's decision to discriminate against Plaintiff. Defendant would not have discriminated against Plaintiff absent consideration of Plaintiff's race.

**ANSWER:** Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant's discrimination constitutes unlawful discrimination in direct violation of Title VII.

**ANSWER:** Defendant denies the allegations in Paragraph 29 of the Complaint.

**COUNT II – NATIONAL ORIGIN DISCRIMINATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq**

30. Plaintiff realleges and incorporates by reference and [sic] all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

**ANSWER:** Defendant realleges and incorporates by reference its Answers to the Paragraphs above as if fully set forth herein.

31. Plaintiff, as an Indian, is a member of a protected class.

**ANSWER:** Defendant admits the allegations in Paragraph 31 of the Complaint.

6

32. Plaintiff was qualified to perform his job and satisfactorily performed his duties and responsibilities within Defendant's legitimate expectations.

**ANSWER:** Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Plaintiff apprised Defendant of his national origin, Indian.

**ANSWER:** Defendant admits the allegations in Paragraph 33 of the Complaint.

34. Defendant discriminated against Plaintiff because of his national origin by refusing to accommodate his desire of a safe and free non-discriminatory work place and for harassing and discriminating against him for the same and would not have done so had Plaintiff not been Indian and everything else having been the same.

**ANSWER:** Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Other White employees subjected to the same work environment, policies, procedures, and guidelines as Plaintiff were not discriminated against as Defendant accommodated those employees' safe and free non-discriminatory workplace rights. This unlawful discrimination directly impacted Plaintiff's terms and conditions of employment with Defendant.

**ANSWER:** Defendant admits that other employees of all national origins were not discriminated against and were provided a safe workplace free from discrimination. Defendant denies the remaining allegations in Paragraph 35 of the Complaint.

36. Plaintiff's national origin was a substantial and motivating factor in Defendant's decision to discriminate against Plaintiff. Defendant would not have discriminated against Plaintiff absent consideration of Plaintiff's national origin.

**ANSWER:** Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant's discrimination constitutes unlawful discrimination in direct violation of Title VII.

**ANSWER:** Defendant denies the allegations in Paragraph 37 of the Complaint.

**COUNT III – RETALIATORY DISCHARGE**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq**

38. Plaintiff realleges and incorporates by reference and [sic] all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

**ANSWER:** Defendant realleges and incorporates by reference its Answers to the Paragraphs above as if fully set forth herein.

39. It is an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, for engaging in a protected activity.

**ANSWER:** Defendant admits the allegations in Paragraph 39 of the Complaint.

40. Plaintiff, as an Asian and Indian, is a member of a protected class under Title VII.

**ANSWER:** Defendant admits the allegations in Paragraph 40 of the Complaint.

41. Plaintiff engaged in a Title VII protected activity by reporting discriminatory acts by Defendant.

**ANSWER:** Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant knowingly and intentionally engaged in harassment of Plaintiff by creating an intolerable, hostile work environment for Plaintiff; and ultimately terminated Plaintiff on January 31, 2020.

**ANSWER:** Defendant admits that it terminated Plaintiff on January 31, 2020. Defendant denies the remaining allegations in Paragraph 42 of the Complaint.

43. Defendant's decision to discriminate against Plaintiff was solely motivated by the fact that he reported discrimination.

**ANSWER:** Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant would not have discharged Plaintiff had he not reported the discrimination. The discharge of Plaintiff directly impacted his terms and conditions of employment with Defendant.

**ANSWER:** Defendant admits that Plaintiff's discharge impacted his terms and conditions of employment with Defendant. Defendant denies the remaining allegations in Paragraph 44 of the Complaint.

45. Defendant's retaliatory discharge of Plaintiff constitutes unlawful discrimination in direct violation of Title VII.

**ANSWER:** Defendant denies the allegations in Paragraph 45 of the Complaint.

46. As a direct and proximate result of Defendant's unlawful and willful violations on the basis of retaliatory discharge, Plaintiff has suffered economic and non-economic damages, including but not limited to loss of wages, emotional distress, humiliation, anguish and outrage.

**ANSWER:** Defendant denies the allegations in Paragraph 46 of the Complaint.

## COUNT IV – RACE DISCRIMINATION
## ILLINOIS HUMAN RIGHTS ACT

47. Plaintiff realleges and incorporates by reference and [sic] all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

**ANSWER:** Defendant realleges and incorporates by reference its Answers to the Paragraphs above as if fully set forth herein.

48. The IHRA prohibits discrimination in employment on the basis of a person's race. The IHRA applies to prohibit [sic] against discrimination to all units of State and local government in Illinois and to all private employers and labor organizations.

**ANSWER:** Defendant admits the allegations in Paragraph 48 of the Complaint.

49. It is the public policy of the State of Illinois that employees have the freedom from unlawful discrimination. The IHRA secures for all individuals within Illinois "the freedom from discrimination against any individual because of his or her race, color, religion, sex, national origin, ancestry, age, order of protection status, marital status, physical or mental disability, military status, sexual orientation, or unfavorable discharge from military service in connection with employment, real estate transaction, access to financial credit, and the availability of public accommodations." 775 ILCS 5/2-102.

**ANSWER:** Defendant admits that Plaintiff accurately quotes portions of 775 ILCS 5/1-102. Defendant denies the remaining allegations in Paragraph 49 of the Complaint.

50. The IHRA defines "unlawful discrimination" to mean discrimination against a person because of his or her . . . race, color, et al. as those terms as defined in this Section. *Id.* at 5/2-102(Q).

**ANSWER:** Defendant admits that Plaintiff accurately summarizes portions of 775 ILCS 5/1-103(Q). Defendant denies the remaining allegations in Paragraph 50 of the Complaint.

51. Plaintiff, as an Asian, is a member of a protected class.

**ANSWER:** Defendant admits the allegations in Paragraph 51 of the Complaint.

52. Plaintiff was qualified to perform his job and satisfactorily performed his duties and responsibilities within Defendant's legitimate expectations.

**ANSWER:** Defendant denies the allegations in Paragraph 52 of the Complaint.

53. Plaintiff apprised Defendant of his race, Asian.

9

**ANSWER:** Defendant admits the allegations in Paragraph 53 of the Complaint.

54. Defendant discriminated against Plaintiff because of his race by refusing to accommodate his desire of a safe and free non-discriminatory work place and for harassing and discriminating against him for the same and would not have done so had Plaintiff not been Asian and everything else having been the same.

**ANSWER:** Defendant denies the allegations in Paragraph 54 of the Complaint.

55. Other White employees subjected to the same work environment, policies, procedures, and guidelines as Plaintiff were not discriminated against as Defendant accommodated those employees' safe and free non-discriminatory workplace rights. This unlawful discrimination directly impacted Plaintiff's terms and conditions of employment with Defendant.

**ANSWER:** Defendant admits that other employees of all races were not discriminated against and were provided a safe workplace free from discrimination. Defendant denies the remaining allegations in Paragraph 55 of the Complaint.

56. Plaintiff's race was a substantial and motivating factor in Defendant's decision to discriminate against Plaintiff. Defendant would not have discriminated against Plaintiff absent consideration of Plaintiff's race.

**ANSWER:** Defendant denies the allegations in Paragraph 56 of the Complaint.

57. Defendant's discrimination constitutes unlawful discrimination in direct violation of the IHRA.

**ANSWER:** Defendant denies the allegations in Paragraph 57 of the Complaint.

### COUNT V – NATIONAL ORIGIN DISCRIMINATION
### ILLINOIS HUMAN RIGHTS ACT

58. Plaintiff realleges and incorporates by reference and [sic] all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

**ANSWER:** Defendant realleges and incorporates by reference its Answers to the Paragraphs above as if fully set forth herein.

59. The IHRA prohibits discrimination in employment on the basis of a person's national origin. The IHRA applies to prohibit against discrimination to all units of State and local government in Illinois and to all private employers and labor organizations.

**ANSWER:** Defendant admits the allegations in Paragraph 59 of the Complaint.

60. It is the public policy of the State of Illinois that employees have the freedom from unlawful discrimination. The IHRA secures for all individuals within Illinois "the freedom from discrimination against any individual because of his or her race, color, religion, sex, national origin, ancestry, age, order of protection status, marital status, physical or mental disability, military status, sexual orientation, or unfavorable discharge from military service in connection with employment, real estate transaction, access to financial credit, and the availability of public accommodations." 775 ILCS 5/2-102.

**ANSWER:** Defendant admits that Plaintiff accurately quotes portions of 775 ILCS 5/1-102. Defendant denies the remaining allegations in Paragraph 60 of the Complaint.

61. The IHRA defines "unlawful discrimination" to mean discrimination against a person because of his or her . . . race, color . . . national origin et al. as those terms as defined in this Section. *Id*. at 5/2-102(Q).

**ANSWER:** Defendant admits that Plaintiff accurately summarizes portions of 775 ILCS 5/1-103(Q). Defendant denies the remaining allegations in Paragraph 61 of the Complaint.

62. Plaintiff, as an Indian, is a member of a protected class.

**ANSWER:** Defendant admits the allegations in Paragraph 62 of the Complaint.

63. Plaintiff was qualified to perform his job and satisfactorily performed his duties and responsibilities within Defendant's legitimate expectations.

**ANSWER:** Defendant denies the allegations in Paragraph 63 of the Complaint.

64. Plaintiff apprised Defendant of his national origin, Indian.

**ANSWER:** Defendant admits the allegations in Paragraph 64 of the Complaint.

65. Defendant discriminated against Plaintiff because of his national origin by refusing to accommodate his desire of a safe and free non-discriminatory work place and for harassing and discriminating against him for the same and would not have done so had Plaintiff not been Indian and everything else having been the same.

**ANSWER:** Defendant denies the allegations in Paragraph 65 of the Complaint.

66. Other White employees subjected to the same work environment, policies, procedures, and guidelines as Plaintiff were not discriminated against as Defendant accommodated those employees' safe and free non-discriminatory workplace rights. This unlawful discrimination directly impacted Plaintiff's terms and conditions of employment with Defendant.

**ANSWER:** Defendant admits that other employees of all national origins were not discriminated against and were provided a safe workplace free from discrimination. Defendant denies the remaining allegations in Paragraph 66 of the Complaint.

67. Plaintiff's national origin was a substantial and motivating factor in Defendant's decision to discriminate against Plaintiff. Defendant would not have discriminated against Plaintiff absent consideration of Plaintiff's national origin.

**ANSWER:** Defendant denies the allegations in Paragraph 67 of the Complaint.

68. Defendant's discrimination constitutes unlawful discrimination in direct violation of the IHRA.

**ANSWER:** Defendant denies the allegations in Paragraph 68 of the Complaint.

### COUNT VI – RETALIATORY DISCHARGE
### ILLINOIS HUMAN RIGHTS ACT

69. Plaintiff realleges and incorporates by reference and [sic] all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

**ANSWER:** Defendant realleges and incorporates by reference its Answers to the Paragraphs above as if fully set forth herein.

70. It is an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, for engaging in a protected activity.

**ANSWER:** Defendant admits the allegations in Paragraph 70 of the Complaint.

71. Plaintiff, as an Asian and Indian, is a member of a protected class under the IHRA.

**ANSWER:** Defendant admits the allegations in Paragraph 71 of the Complaint.

72. Plaintiff engaged in a IHRA protected activity by reporting discriminatory acts by Defendant.

**ANSWER:** Defendant denies the allegations in Paragraph 72 of the Complaint.

73. Defendant knowingly and intentionally engaged in harassment of Plaintiff by creating an intolerable, hostile work environment for Plaintiff; and ultimately terminated Plaintiff on January 31, 2020.

**ANSWER:** Defendant admits that it terminated Plaintiff on January 31, 2020. Defendant denies the remaining allegations in Paragraph 73 of the Complaint.

74. Defendant's decision to discriminate against Plaintiff was solely motivated by the fact that he reported discrimination.

**ANSWER:** Defendant denies the allegations in Paragraph 74 of the Complaint.

75. Defendant would not have discharged Plaintiff had he not reported the discrimination. The discharge of Plaintiff directly impacted his terms and conditions of employment with Defendant.

**ANSWER:** Defendant admits that Plaintiff's discharge impacted his terms and conditions of employment with Defendant. Defendant denies the remaining allegations in Paragraph 75 of the Complaint.

76. Defendant's retaliatory discharge of Plaintiff constitutes unlawful discrimination in direct violation of the IHRA.

**ANSWER:** Defendant denies the allegations in Paragraph 76 of the Complaint.

77. As a direct and proximate result of Defendant's unlawful and willful violations on the basis of retaliatory discharge, Plaintiff has suffered economic and non-economic damages, including but not limited to loss of wages, emotional distress, humiliation, anguish and outrage.

**ANSWER:** Defendant denies the allegations in Paragraph 77 of the Complaint.

WHEREFORE, Plaintiff, SUDHIR KUMAR, respectfully requests that this Court enter judgment in his favor and against Defendant as follows:

A. Declare, decree, and adjudge that Defendant violated the IHRA;

B. Grant an injunction against Defendant from violating the IHRA and to protect other employees from such violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost and reinstating him to the position he previously held;

D. Order Defendant to pay the Plaintiff compensatory damages;

  E. Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

  F. Award the Plaintiff his reasonable attorney's fees and costs; and

  G. Award such other and further relief as it is just and appropriate, including nominal damages.

  **ANSWER:** Defendant admits that Plaintiff seeks the relief in the unnumbered "Wherefore" paragraph but denies that Plaintiff is entitled to this or any other relief.

Case: 1:21-cv-02822 Document #: 7 Filed: 06/25/21 Page 15 of 16 PageID #:37

## AFFIRMATIVE DEFENSES

Defendant Accreditation Council for Graduate Medical Education ("ACGME" or "Defendant"), for its Affirmative Defenses states:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, because Plaintiff failed to mitigate Plaintiff's alleged damages.

WHEREFORE, ACMGE denies all liability and denies Plaintiff has sustained any damages as a result of ACGME's alleged acts or omissions, and requests that this Court enter judgment in its favor and against Plaintiff, including awarding ACGME its costs.

Dated: June 25, 2021	Respectfully submitted,

/s/     *Gregory P. Abrams*
Gregory P. Abrams
Taylor L. Haran
Faegre Drinker Biddle & Reath LLP
311 South Wacker Drive
Suite 4300
Chicago, Illinois 60606
(312) 212-6500
Gregory.abrams@faegredrinker.com
taylor.haran@faegredrinker.com
Attorneys for Defendant

15

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 25th day of June, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.

/s/ *Taylor L. Haran*